Mr. Godfrey. Thank you, Judge Owens. Good morning. May it please the Court. The express terms of Sections 922G5 and 924A2 required the government prove that Mr. Rehaif knew both that he possessed a firearm and that he was in the U.S. illegally or unlawfully at the time of possession. The jury, though, was instructed that it did not have to find that Mr. Rehaif knew he was in the U.S. illegally. Because of that faulty jury instruction, the case should be remanded for a new trial. Is any circuit required proof of the defendant's knowledge of his prohibited status under any subsection of Section 922G? Not that I'm aware of. There have been dissents, concurrences that argue for that being the proper interpretation of the statute. That claim you've got is what Judge and Judge Gorsuch now just in Gorsuch. Exactly, Your Honor. That is what I'm relying upon here. What do we do about our prior panel precedent in Jackson that says that there's no mens rea requirement of proof on the part of the government when it comes to a possession by convicted felon? Doesn't the logic of that precedent require that we rule in line with the other circuits in this context? It does not require it. You certainly can't have the option of doing that, but I would argue that Jackson is not controlling precedent because it involves G1. It would be inconsistent with the logic of Jackson, though, wouldn't it? To rule in your favor would be inconsistent with that logic. Well, quite frankly, there's not much logic expressed in Jackson. There's not an explanation as to why they ruled that way, and there's no consideration at all in Jackson. The logic is inconsistent with the whole logic, knowingly possessed, knowingly possessed. Well, knowingly possessed was an element in both cases. There's no dispute about that. But knowingly violated. Knowingly violated. It either modifies both elements that follow it, or they don't. If they do, then Jackson's wrong, which we can't hold because we're bound by. Or then you're wrong, which we can hold because we're not bound by your argument. Well, my argument for us is that Jackson may be persuasive authority for the court, but he's not binding authority because the holding of a case can only extend as far as the facts of the case. The facts of the case here is that it's a different statute that's involved. I recognize the similarities, but just my argument is that it's not a binding precedent. I understand the logic of then Judge Gorsuch's opinion. There's a traditional rule that the government, particularly where you have a serious offense like a felony, that the government has to prove mens rea for all the elements of an offense. That's ancient law, right? Let's think about it in this context. I've been trying to think of some analogous common law crime or traditional crime where the mens rea element, where the element pertains to the defendant's status. Here are three that I thought of. One would be statutory rape. It doesn't seem to me that traditionally the government would have to prove that the defendant knew that he was of the age of majority. There might be issues of proof with respect to knowing about the victim, but as it pertains to his own status, the government wouldn't have to prove that he knew he was the age of majority. Or bigamy. The government wouldn't have to prove that the defendant knew that he was married already. Or incest. You wouldn't have to prove that the government knew that he was the father of, say, a child with whom there were sexual relations. Am I thinking about this wrong? If so, why? Well, I'm not sure. I mean, it seems pretty obvious that someone knows how old they are or who their brothers and sisters are. Well, it seems pretty obvious that someone knows they're a convicted felon and it seems obvious that someone would know that they're here unlawfully. Well, the convicted felon, perhaps, the here unlawfully, not so much. Because of the complexity of immigration. Yeah, right, because of that. You could construct a medical on the nose that you were the age of majority. Orphan, he was told. So he was born one year, but he was actually born in a different year? Law school professors have fun with it. But maybe the answer is, in situations where it's overwhelmingly obvious that the vast majority of cases that would necessarily know that, then the government doesn't have to prove that they subjectively knew it. Yeah, I mean, here there was a dispute as to what illegally or unlawfully meant. Well, and it might be that you would have . . . the defendant would be able to raise as a defense a mistake of fact. That, for example, I legitimately thought that I was here lawfully. But that would be a defense, right? It would have been a defense had the jury not been instructed that the government did nothing. See, that's the problem, though. You didn't ask, you didn't raise it that way. Your argument is that the government had to prove it as part of its case. You weren't saying, oh, well, then we get to raise it as an affirmative defense and raise it that way. It's not so much an affirmative defense as it is a failure of proof. But that's why I say maybe there would be some kind of mistake of fact situation where you could raise it as a defense. But the bigamy statutory rape examples, I can see where that might come up that way. But it's not part of the government's affirmative case. Well, the affirmative case requires proving two facts. Number one, that he was knowingly in possession of a firearm. Number two, that he knew he was here illegally or unlawfully. What the jurors actually instructed was that the United States is not required to prove that the defendant knew that he was illegally or unlawfully in the United States. The objection below was the defense objects. The defendant was never provided notice that he was unlawfully present in the United States. It seems to me the other problem that you run into is there's a rule of construction that when . . . maybe the Supreme Court hasn't ruled on a question, but you've got a uniform body of interpretation by inferior courts. You have all the circuits ruling in a certain way and Congress repeatedly amending the statutory law in this area, but never revisiting what the circuit courts have held with respect to the government's burden, that that reflects that Congress has adopted that uniform interpretation. Isn't that a rule that applies in this context too? I recognize the rule, Your Honor. I recognize the uniform prior precedent from the other circuits. I'm sure then-Judge Gorsuch also recognized the same thing when he argued that the statute . . . He didn't address it, though. I think the argument is pretty straightforward, that 924A2 is clear as it's written. It says whoever knowingly violates subsection G of section 922 shall be punished. There's no way to reasonably read that provision if you touch down on only one of the two substantive elements of the 922A5 often. If that's true, then we're wrong in Jackson. In the ten other circuits. I think Judge Gorsuch would agree with that. I mean, that's basically what the argument is. Just looking at the plain language of the statute, and applying the language as it's written. Just a few other points, if I may. The government argues, Jackson, in addition to the fact that Jackson deals with a different statutory provision, there's also the fact that in Jackson 924A2 is never raised or discussed. There's also the fact that Jackson's holding is limited to the facts of that case. The conclusion is, it does not appear that the district court abused its discretion in applying the law to the facts of this case. For the reason why Jackson isn't controlling. It's stuck by its own words to the facts of that case. And the general rule, which you touched upon, Judge Breyer, is that knowingly, when used in a criminal statute, applies to each substantive element of the crime. There's no reason to vary from that rule here. The one possession of a gun alone is not enough to make a crime. The thing I'm struggling with, though, is I can't think of an instance where in a traditional crime setting, the government would have to prove that the defendant knew something about his own status. When I think about it just as a matter of traditional criminal law, the examples I think of are statutory rape, bigamy, incest, and in none of those situations does the government have to prove the mens rea element with respect to the defendant's own status. I understand the point you're making. To be honest with you, I haven't thought about that. I don't have a ready answer for you. Thank you, counsel. We've got your fourth and final. Ms. Jewell. My name is Jillian Jewell for the United States. The district court did not abuse its discretion in instructing the jury.  The United States was not required to prove that Rehabe knew of his prohibited status. In United States v. Jackson, this court upheld a similar jury instruction. Over the defendant's objection, the defendant in that case had testified that he did not know of his prior felony conviction. Yet over the defendant's objection, the district court held that it was not necessary for the United States to prove that he knew of his prior felony conviction, rather only that he had been convicted. Jackson is binding. It resolves the issue before this court. Because the United States was not required to prove that Rehabe knew of his prior felony conviction under 922G1, likewise the United States was not required to prove that Rehabe knew that he was illegally or unlawfully in the United States. Could he have raised a defense of mistake of fact? I know he didn't here, okay, so it's not something we would decide, but do you think he could have? Let's say, could he have said, I had a reasonable belief that I was here lawfully and assert that as an affirmative defense and ask for an instruction about it? I know it didn't happen that way, but do you have a position about that? I do, and that's exactly what happened in Jackson. He thought he had a reasonable belief that he did not have a prior felony conviction because he thought it had been expunged under First Offender Act after he had fulfilled the terms of his probation. The court held in Jackson that still it was not necessary, and over his objection and his request for an instruction for that affirmative defense, they held that still it was not necessary for the United States to prove that he knew of that. I don't remember this from Jackson. Did we hold that he couldn't raise that as an affirmative defense too? Correct. He requested the jury instruction to find the defendant not guilty if it found that the evidence failed to show beyond a reasonable doubt that the defendant was convicted of a felon or that he did not reasonably believe that he was a convicted felon at the time he possessed the firearm in the indictment. That's not an affirmative defense. Correct, but it went to the instruction that he had requested for his affirmative defense that he did not reasonably know. The answer to Judge Pryor's question is it doesn't appear from Jackson that he requested an instruction on an affirmative defense if he showed it. Correct. We don't know whether he showed it in that case or not. Let me ask you this. Have you got a copy of 924 in front of you? I know it very well. Don't need a copy. Here's the deal. It's rather unusual because they put the knowledge scientific requirement in the penalty provision, and I assume in one of the cases discusses it, that the reason they did that is because they wouldn't have to repeat it seven times. Also, possibly they're thinking, well, if we amend some of these other seven provisions, we may forget to put it in there in that term, et cetera. Whatever the reason, they put it in the penalty provision. All right. If Congress wanted to convey his position, how would it have said that in 924A2? Whoever what? Whoever knowingly. They could have still inserted the word knowingly before in 922G1 as well. No, but my question is, if they want to put it in the penalty provision for, for want of a better term, efficiency, drafting efficiency purposes, how could you phrase that to make clear that you were requiring it as to both elements or all elements? The premise of my question is I don't think you could . . . I understand. . . . unless you thought that saying knowingly violates is transitive to all the elements that contained it. I think that's the best argument for the defendant's position, although they don't make it necessarily. It is a bit ambiguous because they put the knowingly in the mens rea requirement in the penalty provision. When we look back to the congressional intent, I think it becomes very clear Congress intended, when they made these amendments, to allow for the enforcement, additional law enforcement, to keep firearms out of the hands of dangerous . . . Not going to rely on legislative history to figure that out? Certainly not because we have . . . it's very well settled. We have 30 years of precedent from not just this circuit but every other circuit. It's been uniformly applied. I thought the legislation was the Firearms Owners Protection Act. Correct. But in the Gun Control Act, they sought to fix two provisions. One, it was too onerous for ordinary citizens and firearm dealers. But at the same time, they wanted to enhance the ability of law enforcement to fight violent crimes. From that, you would infer that they're not trying to make it simpler for these convicted felons, or in this case, even an illegal alien, to possess these firearms and say, oh, I didn't have knowledge of my prohibited status. They weren't trying to increase the government's burden to prove to convict under these same statutes. What do you think about the point I had raised about the analogy with statutory rape, bigamy, incest? The government will not traditionally have to prove mens rea as to the defendant's own status. Is that right, the correct analogy? Are there other things that I should be thinking about that would be examples, or have you got a view about that? Your three examples are right on. I agree that the government, for the most part . . . The United States, the facts certainly suggest that they should know of their prohibited status in each of those, for incest, for bigamy, and certainly in this case, with Mr. Rehafe being academically dismissed in 2014, and a whole entire academic year, he didn't take spring classes, he didn't take fall classes. There was an entire two semesters that he was out of school, and he was here. He had violated the terms and conditions of his visa, which is specifically to be pursuing a course of study, which he was no longer doing. The facts in the record indisputably suggest that he knew that he was illegally and unlawfully in the United States. Anything else? No. As for the second two issues, we will rely on our brief. If this court doesn't have any further questions, we'd ask that you affirm the district court. Thank you, Miss. Thank you. Mr. Godfrey, four minutes. What do you think about my argument on your behalf, Mr. Godfrey? I think it's great, Judge Harris. But what do you think about their counterargument, which I'm making for them, that Congress could have said, whoever violates subsection A6DGHIJRO of section 922 and has knowledge of the existence of each of the elements, wouldn't that have been dated? They could have done that. They could have. So the fact that it would have been awkward? Well, they could have rewritten it to say, whoever knownly violates the non-jurisdictional provisions of section 922G. That would cover everything. It's a very good argument for the government. Traditionally, you just say commerce is considered a jurisdictional fact rather than an elemental fact. Just a couple of points. Number one, the fact that the penalty provision is in a different statute is unusual, of course, but it doesn't make the actual statutory language of 924A2 ambiguous. Do you have any theory for that other than the fact that one opinion suggested that was just efficiency in drafting? They didn't want to put it in every one of those seven subsections. Why else would they have put the sign or requirement in a penalty provision, in the only penalty provision? I'm not sure why Congress did that. I can just look at the language of the statute that Congress drafted and argue that it's plain and should be followed. Thank you, Your Honor. Thank you. Yes, it is.